PER CURIAM.
Julio Valdes appeals an order denying his petition for writ of habeas corpus and alternative motion to correct illegal sentence. We affirm.
In Miami-Dade County Circuit Court case number 0Í-13664 defendant-appellant Valdes was convicted of two second degree felonies, each having a legal maximum of fifteen years. See § 775.082(3)(c), Fla. Stat. (2001).[1] The defendant was sentenced to fifteen years of probation with a special condition of twelve years incarceration.
The defendant argues that his sentences violate Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but he is incorrect. Under the applicable version of the sentencing guidelines, there is no guidelines maximum and the trial court is permitted to impose any sentence up to the legal maximum. Id. § 921.0024(2). Since the sentences here are within the legal maximum, the defendant’s argument under Apprendi is without merit.
Defendant argues that his sentence violates Blakely v. Washington, — U.S. -, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We have held that Blakely does not apply retroactively to cases on collateral review. See Burgal v. State, 888 So.2d 702 (Fla. 3d DCA 2004). We therefore need not consider the argument under Blakely.
Affirmed.[2]

. The crime date was April 29, 2001.

. The defendant filed his motion solely in circuit court case number 01-13664. The circuit court clerk also filed it in circuit court case number 04-28669, and the trial court order bears both case numbers. The defendant's motion did not seek any relief in circuit court case number 04-28669.